IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)

3:16CV-649-TBR

SHERRI L. OWENS                                                                                           PLAINTIFF
631 Atcher Street
Radcliff, Kentucky 40160

v.

EQUIFAX INFORMATION SERVICES, LLC                                              DEFENDANTS
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    CSC-Lawyers Incorporating Service Co.
                         421 W. Main St.
                         Frankfort, KY 40601
                         (BY CERTIFIED MAIL)

** ** ** **
**VERIFIED COMPLAINT**

Comes the Plaintiff, Sherri L. Owens, and for her Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's failure to investigate Plaintiff's disputes regarding three credit account tradelines on Plaintiff's Equifax credit report and Equifax's consequent failure to delete the three tradelines from Plaintiff's credit report.

### II. PARTIES

2. Plaintiff, Sherri L. Owens, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 631 Atcher Street, Radcliff, Kentucky 40160.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Hardin County, Kentucky as a result of the Defendants doing business in Hardin County, Kentucky.

### IV. FACTUAL BACKGROUND

8. In or around June, Plaintiff accessed her Equifax credit report and discovered twelve derogatory tradelines furnished by Fed Loan Services.

9. Immediately upon discovering the above-referenced tradelines, Plaintiff filed disputes with Equifax and requested that Equifax investigate the accuracy of the tradelines and delete the tradelines.

10. In July 2016, Plaintiff received dispute results from Equifax regarding her June 2016 disputes and investigation requests. In those results, Equifax advised Plaintiff that it had deleted all of the Fed Loan Services tradelines.

11. In August 2016, Plaintiff again accessed her Equifax credit report and discovered that, despite Equifax's representation that it had deleted all of the Fed Loan Services tradelines, three of the Fed Loan Services tradelines were still reporting on Plaintiff's Equifax credit report.

12. Equifax's failure to investigate the above-referenced tradelines, and its failure to delete the tradelines despite its representation to Plaintiff that all of the Fed Loan Services tradelines had been deleted, amounts to a violation of Equifax's duties under the 15 U.S.C. §1681i to investigate disputed tradelines and to maintain the accuracy of consumers' Equifax credit reports.

13. Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiff's disputes and to delete or amend their reporting of the subject tradelines.

## V. CLAIMS

### Negligence

14. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

15. Equifax's failure to properly investigate Plaintiff's dispute despite Plaintiff's lawful notice to Equifax disputing and requesting investigation of the aforementioned tradelines and its failure to delete the subject tradelines was negligent under applicable law. In failing to properly investigate Plaintiff's disputes and in failing to delete the subject tradelines, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain the accuracy of Plaintiff's Equifax credit report and acted with conscious disregard for the rights of the Plaintiff.

16. Equifax's negligent failure to properly investigate Plaintiff's disputes of the

aforementioned tradelines and its failure to delete the subject tradelines has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

17. Equifax's failure to properly investigate Plaintiff's disputes of the aforementioned tradelines despite Plaintiff's lawful disputes to Equifax and its failure to delete the subject tradelines, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act

18. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19. Equifax's failure to properly investigate the disputed items and its failure to delete the subject tradelines are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b).

20. Equifax's failure to properly investigate the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute and its failure to delete the subject tradelines are violations of Equifax's duties under 15 U.S.C. §1681i and §1681(a)(1)(A).

21. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

22. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Equifax's failure to properly investigate the disputed items and its failure to delete the subject tradelines are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation

of disputed items under 15 U.S.C. §1681i.

24. Equifax's failure to properly investigate the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute and its failure to delete the subject tradelines are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

25. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Sherri L. Owens, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

# VERIFICATION

I, Sherri L. Owens, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Sherri L. Owens

COMMONWEALTH OF KENTUCKY         )
                                 ) SS
COUNTY OF HARDIN                 )

Subscribed, sworn to and acknowledged before me by Sherri L. Owens this ___ day of _____, 2016.

_____
Notary Public

Commission expires:_____